AO 88B (Rev. 12/13) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
for the
Southern District of New York

| | |
|---|---|
| Republic of Kazakhstan | ) |
| *Plaintiff* | ) |
| v. | )   Civil Action No. |
| Standard Americas, Inc. | ) |
| | ) |
| *Defendant* | ) |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To: Standard Americas, Inc., c/o CT Corporation System, 111 Eighth Avenue, New York, New York 10011

*(Name of person to whom this subpoena is directed)*

☑ *Production:* YOU ARE COMMANDED to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material:     See Attachment A

| Place: Norton Rose Fulbright US LLP<br>1301 6th Avenue<br>New York, NY 10036 | Date and Time:<br>02/26/2018 10:00 am |
|---|---|

☐ *Inspection of Premises:* YOU ARE COMMANDED to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
| | |

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: Feb. 12, 2018

_____          _____
CLERK OF COURT                OR        Attorney's signature
Signature of Clerk or Deputy Clerk

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)*  ___Petitioner___
__Republic of Kazakhstan_____, who issues or requests this subpoena, are:

Felice Galant, Norton Rose Fulbright US LLP, 1301 Avenue of the Americas, New York, NY 10019-6022,
Felice.Galant@nortonrosefulbright.com, (212) 318-3000

**Notice to the person who issues or requests this subpoena**
A notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B (Rev. 12/13) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No.

## PROOF OF SERVICE
*(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____.

☐ I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____.

My fees are $ _____ for travel and $ _____ for services, for a total of $ 0.00 .

I declare under penalty of perjury that this information is true.

Date: _____

_____
Server's signature

_____
Printed name and title

_____
Server's address

Additional information regarding attempted service, etc.:

AO 88B (Rev. 12/13) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
  (A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
  (B) within the state where the person resides, is employed, or regularly transacts business in person, if the person
    (i) is a party or a party's officer; or
    (ii) is commanded to attend a trial and would not incur substantial expense.

**(2)** *For Other Discovery.* A subpoena may command:
  (A) production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
  (B) inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2)** *Command to Produce Materials or Permit Inspection.*
  (A) *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
  (B) *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
    (i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
    (ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** *Quashing or Modifying a Subpoena.*
  (A) *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
    (i) fails to allow a reasonable time to comply;
    (ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
    (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
    (iv) subjects a person to undue burden.
  (B) *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
    (i) disclosing a trade secret or other confidential research, development, or commercial information; or
    (ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
  (C) *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
    (i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
    (ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
  (A) *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
  (B) *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
  (C) *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
  (D) *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** *Claiming Privilege or Protection.*
  (A) *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
    (i) expressly make the claim; and
    (ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  (B) *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

---

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

## ATTACHMENT A

### DEFINITIONS

1. "Stati Parties" is a collective reference to Anatolie Stati, Gabriel Stati, Ascom Group, S.A. and Terra Raf Trans Trading Ltd.

2. "You" or "Your" refers to Standard Americas, Inc.

3. "Indenture" means the Indenture dated December 20, 2006 between Tristan Oil Ltd. ("Tristan"), Kazpolmunay LLP ("KPM"), and Tolkynneftegaz LLP ("TNG"), on the one side, and Wells Fargo National Bank, N.A., on the other side, and any amendments thereto.

4. "LPG Plant" means the liquefied petroleum gas plant at issue in the SCC Arbitration.

5. "KPM" means Kazpolmunay LLP and any related or affiliated companies and/or entities, and any current or former officials, employees, consultants, agents, attorneys, directors, officers, other representatives of KPM, and all other persons acting under their control or on their behalf.

6. "Perkwood" means Perkwood Investment Limited and any related or affiliated companies and/or entities, and current or former officials, employees, consultants, agents, attorneys, directors, officers, other representatives of Perkwood, and all other persons acting under their control or on their behalf.

7. "SCC Arbitration" means a prior international arbitration that the Stati Parties commenced against the Republic of Kazakhstan before the Arbitration Institute of the Stockholm Chamber of Commerce.

8. "SCC Award" means the award that was issued in the SCC Arbitration in favor of the Stati Parties against the Republic of Kazakhstan on December 19, 2013.

9.  "TNG" means Tolkynneftegaz LLP and any related or affiliated companies and/or entities, current or former officials, employees, consultants, agents, attorneys, directors, officers, other representatives of TNG, and all other persons acting under their control or on their behalf.

10. "Tristan" means Tristan Oil Ltd. and any related or affiliated companies and/or entities, current or former officials, employees, consultants, agents, attorneys, directors, officers, other representatives, and all other persons acting under their control or on their behalf.

11. The terms "and" and "or" shall be construed both conjunctively and disjunctively, whichever makes the request more inclusive.

12. The term "document" or "documents" as used herein is used in its broadest sense and shall be deemed to include, without limitation, all original writings and all other written, printed, and pictorial matter of any kind or nature whatsoever, however produced or reproduced, in whatever form maintained, and any and all non-identical (for whatever reason) originals, copies, and prior drafts thereof, within Your custody or control, regardless of where located, and includes but is not limited to correspondence, communications, notices, confirmations, summaries or records of personal or business conversations or interviews, notebooks, summaries or records of meetings or conferences, summaries or reports of physicians or consultants, pamphlets, photographs, transcripts, microfilm, or microfiche, audio and/or video reproductions, notes from telephone conversations, agreements, tape recordings (whether or not transcribed), reports, memoranda, studies, summaries, minutes, notes, diaries, calendars or date books, logs, announcements, instructions, charts, manuals, schedules, computer data or printouts, telegrams, faxes, cables, opinions, surveys, questionnaires, comparisons, messages-including, specifically, electronic mail messages, posts on blogs, posts on websites, press releases, letters, any marginal comments or post-it notes appearing on any documents, and all other written,

printed, computerized, computer stored or maintained, or typed information or data, and all other graphic, recorded, audio visual and photographic matters of any nature whatsoever.

13. In all cases where originals are not available, "documents" also means photocopies and other copies of such documents and any portion thereof.

14. Any copy of a document containing or having attached thereto any alterations, notes, comments, or other material not included in the original or another copy of the documents shall be deemed a separate "document."

15. The terms "include" and "including" as used herein is used in its broadest sense to introduce an illustrative and non-exhaustive list. These terms should be construed as interchangeable with the following: "including without limitation" and "including but not limited to."

16. To the extent not otherwise defined, all words shall have their usual and ordinary meaning as the context of the sentence would indicate.

17. Words used in the singular form are also to be interpreted in the plural form and vice versa.

18. Words of any gender include the other gender.

19. The use of any tense of a verb shall be considered also to include within its meaning all tenses of the verb so used.

## INSTRUCTIONS

1. Please furnish all documents known or available to You, regardless of whether such documents are possessed directly by You or by others under Your control, for instance, by Your agents, representatives, or attorneys.

2. Documents should be produced in a manner that ensures the source of each document can be determined.

3. Documents should be segregated and identified by the number of the request to which they are responsive.

4. Documents attached to each other should not be separated.

5. Electronic records and digital information should be produced in an intelligible format or together with a sufficient description of the system or program from which each was derived to permit rendering the material intelligible.

6. If any document responsive to any request is withheld from production under a claim of privilege or protection (including, without limitation, the attorney-client privilege or work product doctrine), please provide a list identifying for each such withheld document the following:

    a. the type of document (e.g. memorandum, letter, report, chart, etc.);

    b. its general subject matter (without revealing the information as to which privilege is claimed);

    c. the date of the document;

    d. the nature and length of any attachment or appendices;

    e. all author(s), addressee(s), distributee(s), and recipient(s);

    f. the date of the document; and

    g. the nature of the privilege or protection claimed.

7. If any request for documents cannot be complied with in full, it shall be complied with to the extent possible with an explanation as to why full compliance is not possible.

8. Each request for documents seeks production of all documents described herein and any attachments, exhibits or appendices thereto in Your possession, custody or

control and all documents and any attachments that You have the legal right to obtain or the ability to obtain from sources under Your control.

9.  If any document requested herein has been destroyed, discarded or otherwise disposed of, such document is to be described by date, last location, number of pages, attachments, appendices and exhibits, author(s), addressee(s), recipient(s), title and subject matter. In addition, please state the reason for disposal or destruction of the document and identify each person who either authorized disposal or destruction of the document or who disposed of or destroyed the document.

## DOCUMENT REQUESTS

1.  All communications with the Stati Parties and any entities controlled by the Stati Parties, including Tristan, KPM, TNG, and Perkwood.

2.  All communications with any representatives or persons working on behalf of the Stati Parties or any entities controlled by the Stati Parties (such as Tristan, KPM, TNG, and Perkwood), including but not limited to any attorneys for the Stati Parties or any attorneys for entities controlled by the Stati Parties.

3.  All documents related to the issuance of any Notes pursuant to the Indenture and any amendments thereto.

4.  All documents related to the Stati Parties' investment in the LPG Plant.

5.  All resolutions of Tristan's board of directors set forth in an Officers' Certificate pursuant to Section 4.12 of the Indenture.

6.  All fairness opinions rendered pursuant to Section 4.12 of the Indenture.

7.  All financial statements of any entities controlled by the Stati Parties, including but not limited to the financial statements of Tristan, KPM and TNG, produced pursuant to Section 4.03(a) of the Indenture.

8. All reserve reports produced pursuant to Section 4.03(a) of the Indenture.

9. All Officers' Certificates delivered pursuant to Section 4.04(a) of the Indenture.

10. All written statements made by Tristan's independent public accountants pursuant to Section 4.04(b) of the Indenture.

11. All documents relating to Perkwood – the sham company used to facilitate the Stati Parties' fraud.

12. All documents related to the Stati Parties' attempts to enforce the SCC Award, including funding for the same.

13. All documents related to any fraud or allegations of fraud committed by the Stati Parties and any entities controlled by the Stati Parties, including Tristan, KPM, TNG, and Perkwood.